UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| LEE LITAS, | ) | No. 05 B 34536 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| JOHN HANCOCK LIFE INSURANCE CO. | ) | |
| (U.S.A.), f/k/a/ THE MANUFACTURERS | ) | |
| LIFE INSURANCE CO. (U.S.A.), a Michigan | ) | |
| corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 05 A 2637 |
| | ) | |
| LEE LITAS, | ) | |
| | ) | |
| Defendant. | ) | Judge Goldgar |

## MEMORANDUM OPINION

This matter is before the court for ruling on the motion of debtor Lee Litas to dismiss the adversary complaint of John Hancock Life Insurance Company for failure to state a claim under Rule 12(b)(6) (made applicable by Fed. R. Bankr. P. 7012(b)).

### 1. Facts

The complaint alleges the following facts. Litas was the chief operating officer of 1 Animation Network, Inc., an Illinois corporation. In June 2004, 1 Animation entered into a lease with Hancock, then known as Manufacturers Life, for premises in Buffalo Grove, Illinois. More than once during the lease negotiations, Litas represented to Hancock that 1 Animation had sufficient funds to meet its obligations under the lease. Specifically, Litas had several telephone

conversations with Hancock representatives during which she told them that 1 Animation had $20 million in the bank and would soon have an additional $40 million.

In fact, Litas's representations about 1 Animation's wherewithal were false. 1 Animation did not even have enough money to put down a security deposit on the Buffalo Grove premises or pay rent, much less $20 million or so in the bank.

In reliance on Litas's false representations, Hancock says that it negotiated an early termination of an existing lease with a tenant who was actually paying rent. Hancock also began work to prepare the premises for 1 Animation, and Hancock entered into the lease with 1 Animation without requiring any guaranty. In the end, 1 Animation never took possession of the premises and never paid Hancock anything. As a result of Litas's misrepresentations, Hancock claims to have sustained $80,226 in damages.

Hancock's single-count complaint contains two claims. Hancock alleges that Litas's debt resulting from her misrepresentations is nondischargeable under section 523(a)(2)(A) of the Bankruptcy Code. Hancock also alleges that the debt is nondischargeable under section 523(a)(2)(B).

Litas has now moved to dismiss the complaint in its entirety for failure to state a claim. Litas makes two arguments. First, Litas argues that the complaint only alleges statements about 1 Animation's financial condition, and section 523(a)(2)(A) does not apply to statements about "the debtor's or an insider's financial condition." Second, Litas argues that the complaint only alleges *oral* statements about 1 Animation's financial condition, and section 523(a)(2)(B) is limited to written statements. In short, Litas asserts, the complaint alleges a claim based on oral statements about an insider's financial condition, and there is no such claim. *See Chrysler First Fin. Servs. Corp. v. Rhodes (In re Rhodes)*, 93 B.R. 622, 624 (Bankr. S.D. Ill. 1988).

## 2. Analysis

Although her understanding of the law relating to section 523(a)(2) is correct, Litas's motion to dismiss must nonetheless be denied. The motion, with its emphasis on which facts Hancock's complaint does or does not contain, mistakes the nature of federal notice-pleading. In federal court, a plaintiff "need not plead facts." *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005). The question on a motion to dismiss thus is not whether a complaint alleges or fails to allege particular facts. The question is merely whether the complaint gives the defendant notice of the claim.[1] *Id.* at 708. "A complaint need only state the nature of the claim; details can wait for later stages." *Alliant Energy Corp. v. Bie*, 277 F.3d 916, 919 (7th Cir. 2002); *see also Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 714 (7th Cir. 2006).

That a complaint lacks certain facts – even facts the plaintiff must ultimately prove at trial – will not warrant dismissal as long as it is "possible to hypothesize facts . . . that would make out a claim." *Graehling v. Village of Lombard*, 58 F.3d 295, 297 (7th Cir. 1995); *see also Sanville v. McCaughtry*, 266 F.3d 724, 732 (7th Cir. 2001); *Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994) (noting that "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint"). Regardless of its factual gaps, a complaint suffices "if *any* facts consistent with its allegations . . . could be established by affidavit or testimony at a trial." *Doe*, 429 F.3d at 708 (emphasis added).

---

[1] Litas does not argue that she lacks notice of the nature of Hancock's claim, nor could she. The complaint plainly alleges that Litas misrepresented her company's financial condition to Hancock and in so doing duped Hancock into taking various actions relating to the Buffalo Grove property. The motion to dismiss merely concerns the kind of misrepresentations Litas made. Uncertainties on that score are too minor to deprive Litas of notice.

Under these standards, Hancock's complaint cannot be dismissed. It is true, as Litas argues, that the complaint alleges only statements about the financial condition of 1 Animation. It is also true that claims about "the debtor's or an insider's financial condition" are expressly excluded from the coverage of section 523(a)(2)(A). *See* 11 U.S.C. § 523(a)(2)(A). But it is easy to hypothesize *other* representations Litas might have made, representations that *would* fall under that section and so could conceivably entitle Hancock to judgment. Nothing in the complaint as currently pled precludes the possibility. *See Doe*, 429 F.3d at 708 (noting that "litigants may plead themselves out of court by alleging facts that defeat recovery"). Whether Hancock can adduce evidence that Litas did make representations actionable under section 523(a)(2)(A) is a question to be resolved on summary judgment or at trial, after discovery – not on a Rule 12(b)(6) motion.

Applied to Hancock's section 523(a)(2)(B) claim, the same analysis produces the same result. Again, it is true, as Litas argues, that the complaint alleges only oral statements about 1 Animation's financial condition. It is also true that section 523(a)(2)(B) requires a "statement in writing." *See* 11 U.S.C. § 523(a)(2)(B). But again, it is easy to hypothesize that in addition to her oral statements Litas made statements in writing – and, in fact, Hancock asserts in its response brief that she did, that she supplied Hancock with false balance sheets and also sent a false e-mail message about 1 Animation's resources. A judicial determination about whether Hancock can prove these assertions must come at a later stage of the case, after discovery. It cannot be made at the motion to dismiss stage.[2]

---

[2] Litas relies heavily on *Jeffrey M. Goldberg & Assocs., Ltd. v. Holstein (In re Holstein)*, 272 B.R. 463 (Bankr. N.D. Ill. 2001). In *Holstein*, the court granted a motion to dismiss claims under section 523(a)(2) alleging oral representations relating to the financial condition of a law firm that was the debtor's insider. *Id.* at 480-82. To the extent *Holstein*

-4-

One final point. Hancock misunderstands Litas's argument for dismissal, strangely enough, as an argument that 1 Animation is an "insider" of Litas for purposes of the exception in section 523(a)(2)(A) – not Litas's position at all. Compounding the strangeness, Hancock then answers this supposed argument by contending that 1 Animation was *not* in fact Litas's insider. For the sake of its section 523(a)(2)(B) claim, however, Hancock had better be wrong, because statements are only actionable under (B) if they concerned "the debtor's or an insider's financial condition," *see* 11 U.S.C. § 523(a)(2)(B)(ii), and Hancock does not appear to claim Litas made any false representations about herself.

And, indeed, it appears Hancock *is* wrong: Hancock's complaint alleges that Litas was an officer of 1 Animation and made false statements about the company's finances. These allegations, if true, mean 1 Animation was an "insider" of Litas at the time the representations were made. "[I]f the debtor is an individual," the Code explains, the term "insider" includes a "corporation of which the debtor is a director, officer, or person in control." 11 U.S.C. § 101(31)(A)(iv); *see, e.g., Fischer Inves. Capital, Inc. v. Cohen (In re Cohen)*, 334 B.R. 392, 398 (Bankr. N.D. Ill. 2005). Even if the statements were made before 1 Animation was incorporated, as Hancock contends, section 101(9)(A)(iv) defines "corporation" to include an "unincorporated company or association." 11 U.S.C. § 101(9)(A)(iv). So the complaint alleges that 1 Animation was an "insider," and Hancock's effort to deep-six its own section 523(a)(2)(B) claim must fail.

### 3. Conclusion

For the foregoing reasons, the motion of debtor Lee Litas to dismiss the complaint of

---

disposed of those claims permanently (something that is unclear, since the claims were expressly dismissed with "leave to amend," *id.* at 483), the decision was inconsistent with the extensive case law in this circuit on Rule 12(b)(6).

-6-

John Hancock Life Insurance Company is denied. Litas's answer is due May 8, 2006. Discovery cut-off is set for July 10, 2006. This matter is set for further status on July 10, 2006, at 10:00 a.m. A separate order will be entered in accordance with this opinion.

Dated: April 24, 2006

                                                       _____
                                                              A. Benjamin Goldgar
                                                              United States Bankruptcy Judge